UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Margaret Randles,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Nationwide Credit & Collection, Inc.<br>c/o Gregg Minkow<br>123 N. Wacker Drive, Suite 250<br>Chicago, IL 60606,<br><br>　　　　Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred a personal obligation (the õDebtö).

4- The Debt qualifies as a consumer debt under the FDCPA because it was incurred primarily for personal purposes.

5- Plaintiff is a resident of the State of Illinois.

6- Defendant is a business entity with its principal office in the State of Illinois.

7- Defendant acquired the Debt after it was in default and therefore qualifies as a õDebt Collectorö under the Fair Debt Collection Practices Act.

8- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

9- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

10- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

11- On January 27, 2021, Plaintiff filed a voluntary Chapter 13 bankruptcy petition.

12- By filing a bankruptcy petition, Plaintiffs gained the protection of the automatic stay.

13- Despite the bankruptcy filing, on or around February 10, 2021, Defendant telephoned Plaintiff to collect the Debt.

14- Attempting to collect a debt that is subject to a bankruptcy stay violates the FDCPA because it misrepresents that the debt is owed when, due to the stay, it is not.

15- The FDCPA requires Defendant to maintain procedures reasonably adapted to avoid violations.

16- At the time Defendant mailed the Letter, Defendant knew, or should have known, about the bankruptcy filing.

17- Defendant violated the FDCPA

18- Defendant damaged Plaintiff.

## COUNT I

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT II

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT III

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

25- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26- Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By:*/s/ Richard J. Meier*
Richard J. Meier, Esq.
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
Tel: 312-242-1849
Fax: 312-242-1841
Richard@meierllc.com
Attorney for Plaintiff